Turner Towers Tenant Corp. v Francois (2024 NY Slip Op 06175)

Turner Towers Tenant Corp. v Francois

2024 NY Slip Op 06175

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Index No. 156357/21 Appeal No. 3229-3230 Case No. 2023-06344, 2024-01822 

[*1]Turner Towers Tenant Corp., Plaintiff-Respondent,
v
Jean Daniel Francois, Defendant-Appellant, Canarsie Medical Health P.C. et al., Defendants.

Hasapidid Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant.
Axelrod, Fingerhut & Dennis, New York (Marc J. Monte of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about August 22, 2023, which granted plaintiff's motion to reargue and, upon reargument, granted its motion for summary judgment against defendant guarantor Jean Daniel Francois on the parties' guaranty, unanimously modified, on the law, to reduce the award by $25,000 in settlement proceeds the codefendant guarantor paid to plaintiff, and to further reduce the award by the amount of the security deposit held by plaintiff after the expiration of the lease, and otherwise affirmed, without costs. Order, same court and Justice, entered January 18, 2024, which awarded plaintiff attorneys' fees in the action, unanimously modified, on the law, to reduce the award by $7,510 incurred in its litigation against the codefendant guarantor, and otherwise affirmed, without costs.
The motion court providently exercised its discretion in granting reargument to consider plaintiff landlord's explanation for the discrepancies in the rent ledger and, upon consideration, granting summary judgment in the landlord's favor on defendant's guaranty (see Sheridan v Very, Ltd., 56 AD3d 305, 306 [1st Dept 2008]). Although defendant maintains that the motion was premature under CPLR 3212(f) based on the facts relating to his unresolved cross-claims, those claims were properly severed, continued, and remain extant, and do not affect defendant's liability to the landlord.
However, the damages award should be reduced by the amount of the security deposit, as the lease term has long expired, the landlord does not dispute that the tenant has vacated, and all of the landlord's damages have been awarded (see e.g. 841-853 Fee Owner, LLC v Space Initiatives LLC, 227 AD3d 434, 435 [1st Dept 2024], lv dismissed 42 NY3d 981 [2024]). Additionally, the $25,000 settlement proceeds paid by codefendant guarantor should be credited towards the award owed to plaintiff, as plaintiff's managing agent conceded before the motion court.
As to the reasonableness of the attorney fee award, contrary to defendant's contention, the motion court providently declined to apply a blanket 20% reduction to the attorneys' fees award simply because the matter is uncomplicated, as the attorney affirmation in support described the experience of the attorneys involved and the manner in which the contemporaneous time records were kept, supported by the fee invoices, which did not use block billing (see Matter of Freeman, 34 NY2d 1, 9 [1974]). The award of "fees on fees" also was permissible under the express terms of the lease and guaranty (see Sage Realty Corp. v Proskauer Rose LLP, 288 AD2d 14, 15 [1st Dept 2001], lv denied 97 NY2d 608 [2002]).
However, the attorney fee award should be reduced by $7,510 incurred in the landlord's litigation and settlement of the case against the codefendant guarantor. The landlord's case against the codefendant guarantor related to a separate guaranty, the fees for which should not be borne by a different [*2]party under a separate obligation (cf. 546-552 W. 146th St. LLC v Arfa, 99 AD3d 117, 123 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024